UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                   :

DAMENN SIMON                   :        CASE NO. 1:06-CR-0388
                                     :                1:07-CV-3825
                                     :

        Petitioner,        :
                                     :

vs.                            :        OPINION & ORDER
                                     :        [Resolving Docs. No. 34, 1.]

UNITED STATES OF AMERICA,    :

        Respondent.      :
                                     :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      With this Opinion and Order, the Court decides whether to adopt Magistrate Judge George

J. Limbert's Report and Recommendation on Petitioner Damenn Simon's motion to vacate, set aside,

or correct his sentence under 28 U.S.C. § 2255. [Docs. 1, 34.]

      For the reasons presented below, the Court **ADOPTS** the Report and Recommendation of

Magistrate Judge Limbert and **DENIES** the Petitioner's §2255 motion.


**I. Background**

      In this habeas action, Petitioner Damenn Simon makes two claims.  For his first claim, Simon

says his counsel was ineffective because his attorney failed to present a sentence entrapment defense.

Regarding that defense, Simon argues that a government cooperating witness encouraged Simon to

cook powder cocaine into crack cocaine to increase Simon's sentence range.  Although Simon admits

Case No. 1:07-CV-3825; 1:06-CR-0388
Gwin, J.

he was willing to sell powder cocaine, he says his trial counsel should have argued that the impetus
to sell crack cocaine rather than powder cocaine had begun with the cooperating witness. For his
second habeas claim, Simon claims his counsel was ineffective when he waived this sentence
entrapment argument.

On August 16, 2006, Petitioner Simon was indicted for knowingly and intentionally
distributing a substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§
841(a)(1) and (b)(1)(C) (Count 1) and for knowingly and intentionally distributing approximately
221.94 grams of crack-cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2). On
September 29, 2006, the Petitioner pleaded guilty to these charges before Judge David D. Dowd, Jr.
The case was subsequently transferred to Judge James S. Gwin.

On December 21, 2006, Petitioner Simon signed a plea agreement setting forth the following
facts:

>   A.   On or about September 7, 2005, in the Northern District of Ohio,
>        Eastern Division, Simon knowingly and intentionally distributed a
>        mixture or substance containing a detectable amount of cocaine, a
>        Schedule II narcotic drug controlled substance; in violation of Title
>        21, United States Code, Sections 841(a)(1) and (b)(1)(C).
>
>   B.   On or about November 18, 2005, in the Northern District of Ohio,
>        Eastern Division, Simon knowingly and intentionally distributed
>        approximately 221.94 grams of a mixture or substance containing
>        a detectable amount of cocaine base ("crack"), a Schedule II
>        narcotic drug controlled substance; in violation of Title 21, United
>        States Code, Section 841(a)(1) and (b)(1)(A).
>
>   C.   Specifically, on September 7, 2005, Simon met with a Cooperating
>        Witness (CW) under the supervision of the Carribean Gang Task
>        Force (CGTF). The meeting took place at the Club Dew Drop,
>        13679 Euclid Avenue, East Cleveland, Ohio. At the Club Dew
>        Drop, Simon agreed to sell the CW nine ounces of cocaine for
>        $6,800 U.S. Currency. A short time later, Simon and the CW exited

-2-

Case No. 1:07-CV-3825; 1:06-CR-0388
Gwin, J.

> the tavern and entered the CW's vehicle. While inside the CW's
> vehicle, Simon sold the CW approximately nine ounces of cocaine
> for $6,800 U.S. Currency.
>
> On November 18, 2005, the CW drove to the Club Dew Drop to
> meet Simon. Simon met the CW outside the establishment and
> entered the CW's vehicle. While inside the CW's vehicle, Simon
> sold the CW approximately nine ounces of cocaine base for $6,600
> U.S. Currency. The cocaine and cocaine base was retrieved by law
> enforcement agents and tested positive (249.64 grams cocaine and
> 221.94 grams cocaine base) by the Cleveland Police Department
> Scientific Investigatory Unit.
>
> D.   The amount of cocaine possessed and distributed by Simon and
>      directly attributable to his actions was more than 200 grams, but less
>      than 300 grams. The amount of cocaine base possessed and
>      distributed by Simon and directly attributable to his actions was
>      more than 50 grams, but less than 150 grams. Simon was aware that
>      the substance he was possessing and distributing were actually
>      cocaine and cocaine base. [Doc. 40 at 15-17.]

In addition to agreeing to the facts set forth in the plea agreement, the Petitioner addressed

the Court during sentencing. [Doc. 42.] At sentencing, the Petitioner stated that he sold 221 grams

of crack cocaine to CW on September 18, 2005. [*Id.* at 14.] The Petitioner added that the cocaine

was in powder form, but that CW asked him to cook it into crack form because CW's "people" did

not want powder cocaine. [*Id.* at 14-15.] Furthermore, the Petitioner stated that he cooked the

cocaine into crack after CW kept asking him to do so. [*Id.* at 15.] The Petitioner indicated that CW

overbore the Petitioner's free will when CW talked the Petitioner into cooking the cocaine and

claimed that he had never sold crack cocaine before, although the Petitioner admitted that he had

previously sold powder cocaine. [*Id.* at 15-16.]

In response to the Court's questioning, the Petitioner's counsel stated that he recommended

that the Petitioner waive the entrapment defense based on the information he had at the time and the

Case No. 1:07-CV-3825; 1:06-CR-0388
Gwin, J.

information he thought the government would develop at trial.  [*Id.* at 16-17.]  Similarly, Petitioner

Simon agreed to waive the entrapment defense after the Court explained the consequences of the

waiver to the Petitioner.  [*Id.* at 17-18.]  Following this exchange, the Court sentenced the Petitioner

to 120 months in prison on each count of the indictment, to be served concurrently, in addition to

three years of supervised release on the first count and five years of supervised release on the second

count.  [*Id.* at 30.]

      The Petitioner never filed a direct appeal from his conviction and sentence.  On December

12, 2007, the Petitioner moved to vacate his sentence pursuant to 28 U.S.C. §2255, collaterally

attacking his sentence on the ground that he was denied his Sixth Amendment right to effective

assistance of counsel.  The Petitioner alleged that his counsel was ineffective at sentencing for failing

to research the sentence entrapment defense and for waiving the Petitioner's sentence entrapment

defense.  The government, as the Respondent, opposed Petitioner's § 2255 motion.  [Doc. 39.]  The

Petitioner responded on February 19, 2008.  [Doc. 41.]

      The Court referred the Petitioner's §2255 motion to Magistrate Judge Limbert for a Report

and Recommendation.  On July 15, 2008, Magistrate Judge Limbert issued a report recommending

that this Court deny the Petitioner's motion, finding that the Petitioner's counsel was not

constitutionally ineffective for failing to research the sentence entrapment defense because his

conduct was neither deficient nor prejudicial: defense counsel had conducted a factual investigation

and indicated at sentencing that he had considered the government's evidence and had determined

that an entrapment defense would lose, neither the Sixth Circuit nor the Supreme Court of the United

States has recognized the theory of sentence entrapment, and the Petitioner was willing to waive his

entrapment claim.  [Doc. 43 at 5-6.]  Additionally, Magistrate Judge Limbert found that defense

Case No. 1:07-CV-3825; 1:06-CR-0388
Gwin, J.

counsel was not ineffective because he waived the Petitioner's entrapment defense since the Petitioner failed to establish either deficient performance by his attorney or prejudice to his case resulting from his attorney's failure to preserve the issue of sentence entrapment. Moreover, Petitioner stated at sentencing that he was comfortable waiving any potential claim for sentence entrapment. [*Id.* at 6-7.] The Petitioner filed objections to the Report and Recommendation on July 25, 2008. [Doc. 44]

The Court now reviews Magistrate Judge Limbert's Report and Recommendation *de novo*. *See McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005).

## II. Legal Standard

*A. Section 2255*

Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges to be in violation of federal law. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence: (1) That the sentence was imposed in violation of the Constitution or laws of the United States;(2) That the court was without jurisdiction to impose such sentence; (3) That the sentence exceeded the maximum authorized by law; or (4) That the sentence is otherwise subject to collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962); 28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v.*

Case No. 1:07-CV-3825; 1:06-CR-0388
Gwin, J.

*Abrahamson*, 507 U.S. 619, 637-38 (1993)).  To prevail on a  § 2255 motion alleging a non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Id.* ((citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill,* 368 U.S. at 428)).


*B.  Ineffective Assistance Of Counsel*

To prevail on a § 2255 claim that counsel's assistance was constitutionally ineffective, a movant must satisfy a two-pronged test.  First, he must show that counsel's performance was deficient by demonstrating that "counsel made errors so serious that he was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In evaluating this charge, the court must determine whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . . [, keeping in mind] that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Id.* at 690.  Judicial scrutiny of counsel's performance is highly deferential, however, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See id.* at 689.

Second, the movant must show that counsel's deficient performance prejudiced the defendant by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." *Id.* at 687.  The movant meets the second prong of the test by establishing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

Case No. 1:07-CV-3825; 1:06-CR-0388
Gwin, J.

would have been different.   A reasonable probability is a probability sufficient to undermine
confidence in the outcome."   *Id.* at 694.  "If it is easier to dispose of an ineffectiveness claim on the
ground of lack of sufficient prejudice, that course should be followed."   *Id.* at 697.

### III.  Discussion

*A.  First Ground For Relief: Failure To Research The Sentence Entrapment Defense*

In his first ground for relief, Petitioner Simon claims that he was denied his Sixth Amendment
right to effective assistance of counsel because his attorney failed to research law and facts to
understand the sentence entrapment defense, which would aid and assist the Petitioner's defense.
[Doc. 34 at 4.]  This argument does not pass muster under the *Strickland* standard.

The Sixth Circuit has described sentence (or sentencing) entrapment as "an offshoot of the
subjective theory of entrapment," which focuses on whether the defendant was predisposed to
commit the crime in question.  *Sosa v. Jones,* 389 F.3d 644, 647, 649 (6th Cir. 2004).  Sentence
entrapment "mainly applie[s] in narcotics cases under the federal sentencing guidelines" and "occurs
where outrageous government conduct overcomes the will of a defendant predisposed to deal only
in small quantities of drugs[] for the purpose of increasing the amount of drugs and the resulting
sentence imposed against that defendant.'"  *Id.* at 649 (citing *United States v. Williams,* 109 F.3d
502, 512 (8th Cir.1997)).

Neither the Sixth Circuit nor the Supreme Court has recognized the theory of sentence
entrapment, however.  *United States v. Gardner,* 488 F.3d 700, 716-17 (6th Cir. 2007); *see also*
*Sosa,* 389 F.3d at 649 ("Mr. Sosa has pointed to no Supreme Court precedent that 'clearly
establishes' a federal prohibition of sentencing entrapment."); *United States v. Jones,* 102 F.3d 804,

-7-

Case No. 1:07-CV-3825; 1:06-CR-0388
Gwin, J.

809 (6th Cir.1996) ("While other circuits have recognized sentencing entrapment, this circuit has never acknowledged sentencing entrapment as a valid basis for a downward departure under the guidelines."). Furthermore, the Sixth Circuit has held that "if there is such an animal as 'sentencing entrapment,' it can only exist in a habitat where there is no predisposition to do the thing that results in the higher sentence." *United States v. Fears*, No. 92-3459, 1993 WL 94303, at *3 n.3 (6th Cir. Mar. 30, 1993).

Given that the Sixth Circuit has not validated the sentence entrapment defense, an attorney's performance is not deficient under the first prong of the *Strickland* standard even if he does not fully research this defense or present it before the court. *See Lewis v. Alexander,* 11 F.3d 1349, 1353 - 1354 (6th Cir. 1993) ("[C]ounsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment.").

In this case, however, both Petitioner Simon and his counsel were able to sufficiently explore the potential applicability of the sentence entrapment defense. For instance, the Petitioner was able to present his claim that he was coerced by the government into selling crack cocaine to the Court at his sentencing. [Doc. 42 at 15-16.] In response to subsequent questioning by the Court, however, the Petitioner stated that he was comfortable waiving any claim of sentence entrapment; the Petitioner did not express any concerns about his counsel's performance. [*Id.* at 17-18.] Additionally, the Petitioner's counsel indicated to the Court that, based on the evidence in his possession and the evidence he expected to be developed at trial, he did not think that the entrapment defense, as a whole, would apply in this case. [*Id.* at 16-17.] Indeed, the government now claims that it "possessed evidence that would have established at trial that [the Petitioner] did [previously] sell crack cocaine . . . . [and that the Petitioner's attorney] was aware of this evidence [at the

-8-

Case No. 1:07-CV-3825; 1:06-CR-0388
Gwin, J.

Petitioner's sentencing]." [Doc. 39 at 10.]

Even if the performance of the Petitioner's counsel was deficient, the Petitioner's ineffective assistance claim fails because he has not made a showing of prejudice that would satisfy the second prong of the *Strickland* standard. The Court clearly explained to the Petitioner the difference between the sentence he would receive for selling crack cocaine and the sentence he would receive for selling powder cocaine. [Doc. 42 at 17.] The Court also asked the Petitioner whether he would waive any claims of entrapment, which the Petitioner agreed to do despite his earlier claims that he had sold crack cocaine involuntarily. [*Id.* at 17-18.] In light of his willingness to abandon any entrapment claim at sentencing, the Petitioner has not demonstrated that, but for his counsel's deficient performance, the outcome of this case would have been different. Thus, the Petitioner's first ground for relief fails pursuant to *Strickland*.

## B.  Second Ground For Relief: Improper Waiver Of The Sentence Entrapment Defense

In his second ground for relief, Petitioner Simon claims that he was denied his Sixth Amendment right to effective assistance of counsel because his attorney waived the Petitioner's only valid defense – sentence entrapment – without the understanding, knowledge, or consent of the Petitioner. [Doc. 34 at 8.] This claim, too, fails under the *Strickland* standard.

As stated above, neither the Sixth Circuit nor the Supreme Court has endorsed the theory of sentence entrapment. Defense counsel's waiver of this defense does not, therefore, amount to the kind of deficient performance that would satisfy the first prong of the *Strickland* test. Furthermore, both the Petitioner and his counsel discussed potential claims of entrapment specifically and sentence

-9-

Case No. 1:07-CV-3825; 1:06-CR-0388
Gwin, J.

entrapment more generally with the Court at the Petitioner's sentencing. [Doc. 42 at 15-18.] Both the Petitioner and his counsel agreed to waive any claims of entrapment, with the Petitioner's counsel basing his decision on the evidence known to him at the time and the evidence he expected the government to present at trial.  [*Id.* at 16-17.]

Moreover, even if the performance of Petitioner Simon's counsel had been deficient, the Petitioner has failed to demonstrate prejudice under the *Strickland* test.  The Petitioner willingly agreed to waive any potential entrapment defense after the Court similarly questioned the Petitioner's counsel and explained the consequences of such a waiver to the Petitioner.  As the Petitioner personally and voluntarily waived the sentence entrapment defense at his sentencing, he has failed to show that the outcome of this case would have been different but for his counsel's deficient performance.  Thus, the Petitioner's second ground for relief fails under *Strickland*.

## IV.  Conclusion

For the reasons stated above, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Limbert and **DENIES** the Petitioner's §2255 motion.

IT IS SO ORDERED.

Dated: August 27, 2008                         s/        *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE